UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Park Hospitality LLC,

                Plaintiff,

v.

Avenue Hotels Management LLC,

                Defendant.

Civ. No. 12-2175 (RHK/SER)

**ORDER**

This matter is before the Court *sua sponte*.

Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff Park Hospitality LLC ("Park") commenced this breach-of-contract action against Avenue Hotels Management LLC ("Avenue"). Park alleges in its Complaint that it is a "limited liability company organized . . . under the laws of the state of Delaware with its principal place of business [in] Minneapolis, Minnesota." (Compl. ¶ 1.) It further alleges Avenue "is a limited liability company organized . . . under the laws of the state of Illinois with its principal place of business [in] Joliet, Illinois." (Id. ¶ 2.) No other pertinent allegations regarding the citizenship of the parties are found in the Complaint.

As the party invoking the Court's jurisdiction, Park bears the burden of pleading facts establishing the existence of diversity. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). It has failed to do so.

- 2 -

Each party in this case is alleged to be a limited liability company. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Complaint, however, fails to identify (1) the members of Park and Avenue and (2) those members' states of citizenship.[1]

Accordingly, **IT IS ORDERED** that Park shall redress the deficiencies set forth above (by filing an Amended Complaint or otherwise) on or before September 20, 2012, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  September 6, 2012               s/Richard H. Kyle
                                       RICHARD H. KYLE
                                       United States District Judge

---

[1] By commencing this action here, Park was required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).